ZULKE v. MICHIGAN CENTRAL RAILROAD CO.

MASTER AND SERVANT—PERSONAL INJURIES—RAILROADS—CROSS-
ING FLAGMAN—DUTY TO WARN OF APPROACH OF TRAIN.
   A railroad company owes a crossing flagman no duty to warn
   him of the approach of trains, and is not liable for the death
   of such servant caused by his being run over at his crossing
   while flagging for another train, though he was not warned
   of the approach of the train that ran over him.

   Error to Washtenaw; Kinne, J.   Submitted January
8, 1907.   (Docket No. 4.)   Decided February 5, 1907.

   Case by Rose Zulke, administratrix of the estate of
August Zulke, deceased, against the Michigan Central
Railroad Company for the negligent killing of plaintiff's
intestate.   There was judgment for defendant on a ver-
dict directed by the court, and plaintiff brings error.
Affirmed.

   Plaintiff's decedent was, and had been for some months
prior to his death, a flagman at the crossing of Main
street in the village of Chelsea, over the defendant's right
of way.   Before such employment he had for many years
been section foreman of the defendant at Chelsea.
Across Main street the defendant has two main tracks.
South of these two main tracks is a switch track.   North
of them are three other switch tracks.   At 4:13 o'clock
p. m. on October 18th, a train known as an "Extra East"
came from the west.   It consisted of an engine, an empty
air brake coal car, and the caboose.   The station agent or
operator had received notice to stop this "Extra East,"
and have it pick up a car of fruit which stood upon the
side track south of the main tracks.   He gave notice of
this to the conductor of the train, with the deceased
standing within three or four feet.   The caboose was de-

tached and left standing on the south main track, west of the street. The engine, with the coal car attached, passed east over the street to a switch about 100 feet east of the street. The switch was turned and the engineer backed up to get the car of fruit. The deceased had been employed in flagging a freight train, and stood watching it as it passed across the street. He was then standing between the south main track and the south switch track. He then stepped onto the south switch track, and, without looking towards the east, stood in the middle of the track, when the engine with the coal car attached was backing up. He evidently did not see it, was run over, and killed. The engineer could not see him on account of the size and height of the coal car. The negligence charged is the failure to notify the deceased of the approach of the coal car and engine. The court directed a verdict for the defendant.

*James S. Gorman* (*M. J. Cavanaugh,* of counsel), for appellant.

*John F. Lawrence* (*Henry Russell* and *O. E. Butterfield,* of counsel), for appellee.

GRANT, J. (*after stating the facts*). It was the duty of the deceased to watch for trains passing over all these tracks, and warn travelers by waving a white flag. Under plaintiff's theory it was the duty of the railroad company to employ a flagman to protect travelers by notifying them of the approach of trains, and then to protect the flagman by having some one notify him of their approach. The witnesses all agree that the deceased could have seen the train coming by a simple turn of the head. He was not required to walk or stand on the track. He could have taken two steps to one side and have been in a perfectly safe place, and a place equally as effective for warning travelers. His own negligence was the cause of his death. The learned circuit judge said:

"As a matter of law, I would do violence to my judgment of the law if I did otherwise than grant the motion of the defendant and direct a verdict for the defendant. I have not been able to understand from the first of this case how the company can be responsible for his death."

The judgment is affirmed.

McALVAY, C. J., and BLAIR, OSTRANDER, and HOOKER, JJ., concurred.